# EXHIBIT 1

ELECTRONICALLY FILED
2/10/2026 8:30 AM
Heidi Percy
County Clerk
Snohomish County, WASH
Case Number: 26-2-01497-31

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR SNOHOMISH COUNTY

| | |
|---|---|
| ALEXANDER LARA-TRESPALACIOS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE BOEING COMPANY, a foreign profit corporation; and DOES 1-20,<br><br>Defendants. | No. 26-2-01497-31<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Alexander Lara-Trespalacios ("Plaintiff"), on behalf of himself and all others similarly situated (the "Class"), by and through his attorneys, brings this Class Action lawsuit against The Boeing Company and yet-to-be identified DOES (collectively, "Defendants"), seeking to recover for Defendants' violations of Washington State wage and hour laws. Plaintiff complains and alleges as follows:

## I. INTRODUCTION

1. Plaintiff brings this class action on behalf of himself and other similarly situated individuals who work and have worked as mechanics, technicians, or in any similar capacity for Defendants who were denied proper payment for all hours worked, denied compliant meal breaks



LAWYERS FOR JUSTICE, PC.
600 STEWART STREET, SUITE 300
SEATTLE, WA 98101
PHONE: (424) 587-8423
FAX: (818) 265-1021

and rest periods, denied proper reimbursement for business expenses, and subject to improper timekeeping practices, in violation of Washington law.

2. Defendants violated Washington law by knowingly and willfully permitting Plaintiff and class members to perform work off the clock without proper compensation.

3. Defendants' conduct violated and continues to violate Washington state law because the Washington Minimum Wage Act, RCW 49.46 *et seq.*, requires employers to pay hourly employees like Plaintiff and class members no less than the minimum wage for the first forty hours of work in a week and no less than one and one-half times the regular rate of pay for any hours worked in excess of forty in a week. Additionally, RCW 49.52.050(2) protects employees' right to payment of their contracted wages, not only the state or a locality's required minimum wages. Defendants' conduct further violated and continues to violate Washington meal and rest period law under the Industrial Welfare Act, RCW 49.12 *et seq.* and its implementing regulations, as well as the Wage Rebate Act, RCW 49.52 *et seq.*, and the Wage Payment Act, RCW 49.49 *et seq.*, for unlawfully withholding wages. Defendants' conduct further violated and continues to violate Washington's recordkeeping requirements.

4. Because Defendants' conduct violated and continues to violate Washington wage and hour laws, Defendants are liable for unpaid wages and exemplary damages, attorneys' fees and costs, and pre- and post-judgment interest, as provided by Washington law.

5. Therefore, Plaintiff files this action to recover on behalf of himself and class members all unpaid wages, compensation, penalties, and other damages owed to them under Washington law individually, and as a class action under CR 23, to remedy the sweeping practices that Defendants have integrated into their time tracking and payroll policies depriving Plaintiff and Class Members of their lawfully-earned wages.

## II. JURISDICTION AND VENUE

6. This Court has personal jurisdiction over Defendants based on Plaintiff and Class Members' employment in the State of Washington, the business conducted by Defendants in the State of Washington, and contacts made by Defendants in the State of Washington.



LAWYERS FOR JUSTICE, PC.
600 STEWART STREET, SUITE 300
SEATTLE, WA 98101
PHONE: (424) 587-8423
FAX: (818) 265-1021

7. The Superior Court of Washington has jurisdiction of Plaintiff's claims pursuant to RCW 2.08.010 and CR 23.

8. Venue in Snohomish County is appropriate pursuant to RCW 4.12.025 because Defendants do business in Everett, Snohomish County, Washington.

9. Defendants transact business in Snohomish County and all or most of the acts and omissions alleged herein took place in Everett, Snohomish County, Washington.

## III. PARTIES

10. Plaintiff is an individual over the age of eighteen, and at all times mentioned in this Complaint was a resident of Washington State, residing in Bothell, Washington.

11. The Class Members are all individuals who are or were employed by Defendants in Washington who worked as an hourly or non-exempt employee or in any similar capacity, and who were not properly compensated for hours worked, missed or interrupted meal periods and/or rest breaks, or business expenses within the three (3) years preceding the filing of this Complaint.

12. Defendant The Boeing Company ("Boeing") is a foreign profit corporation, with its principal office located at 251 Little Falls Drive, New Castle County, Wilmington, DE, 19808. Boeing may be served with process by serving its registered agent, Corporation Service Company, at 300 Deschutes Way SW, STE 208 MC-CSC1, Tumwater, WA, 98501. Boeing conducts business in Washington and the claims in this case arise out of its conduct in Washington.

13. Defendants have been employers within the meaning of RCW 49.46.010(5), RCW 49.12.005(3), and their associated regulations.

14. Plaintiff and Class Members were and are employees of Defendants within the meaning of RCW 49.46.010(4) and RCW 49.12.005(4).

15. Defendants acted as employers of Plaintiff and Class Members because all Defendants jointly, directly or indirectly, controlled the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff and similarly situated employees, had the power to hire and/or fire Plaintiff and similarly situated employee and supervised and controlled their work schedules and conditions of payment.



LAWYERS FOR JUSTICE, PC.
600 STEWART STREET, SUITE 300
SEATTLE, WA 98101
PHONE: (424) 587-8423
FAX: (818) 265-1021

## IV. FACTUAL ALLEGATIONS

16. Defendants are focused on designing and manufacturing commercial airplanes and technology related to space, defense, and security.

17. Defendants directly employ approximately 5,000 hourly, non-exempt workers similarly situated to Plaintiff in Washington State as mechanics, technicians, or similar roles.

18. Plaintiff worked for Defendants as an In-Tank Mechanic for the Integral Fuel Cell Assembly at their Everett location from approximately July 2018 until approximately April 2025.

19. Class members are employed by Defendants and perform work materially similar to Plaintiff. Like Plaintiff, class members working for Defendants assemble and install parts, structural components, systems, and sub-assemblies to meet quality requirements for wing and horizontal stabilizer requirements, as well as performing tasks such as drilling, reaming, riveting, cold working, bonding, grounding, and sealing as necessary.

20. Plaintiff was classified as a non-exempt employee and is paid a rate of approximately $39.20 per hour.

21. Class members, like Plaintiff, are paid an hourly rate that is determined by Defendants.

22. Class Members, like Plaintiff, are expected to adhere to Defendants' policies and procedures, including overtime, meal period, rest break, timekeeping, and other compensation policies.

23. While schedules may vary, Plaintiff and Class Members regularly worked approximately eight hours or more per shift and approximately five shifts per week.

24. Plaintiff usually worked five days a week and he typically worked 7.5 hours per day with an additional 30-minute unpaid meal period.

25. Defendants' policies and practices cause Plaintiff and class members to work without compensation because they are not paid for all time worked. For example, Plaintiff and Class Members must find parking, walk at least ten minutes to the facility, go to the locker room, obtain equipment, and put on safety gear prior (comprised of safety glasses, safety suit, hearing



LAWYERS FOR JUSTICE, PC.
600 STEWART STREET, SUITE 300
SEATTLE, WA 98101
PHONE: (424) 587-8423
FAX: (818) 265-1021

protection, and in some circumstances, a harness) prior to clocking in for work. This process can take up to 10-20 minutes of unpaid time each day for both donning and doffing these materials. Defendants receive value from this donning and doffing time, which goes uncompensated. Furthermore, Plaintiff and Class Members are required to take their meal breaks at times scheduled by Defendants, but Plaintiff and Class Members are also sometimes expected to attend meetings and trainings during this meal period. These trainings/meetings involve safety, quality, and production, and cut Plaintiff's and Class Members' meal breaks short, interrupt them, or force the meal breaks to be taken late. Plaintiff and Class Members are not paid for their violated meal breaks, but the Plaintiff's and Class Members' pay still reflects that they took a 30-minute meal period. Additionally, Plaintiff is informed and therefore alleges that Class Members are required to attend similar trainings and meetings on weekends without compensation.

26. Plaintiff and Class Members are also frequently pressured to use their meal periods for restroom use instead of being permitted to use the restroom as reasonably necessary. The pressure to remain at work until a meal break discourages Plaintiff and Class Members from taking their regular mandated rest breaks, causing them to be missed or cut short.

27. Additionally, the rounding practices utilized in Defendants' timekeeping policies frequently result in Plaintiff working additional time that goes uncompensated. For example, Defendants purportedly permit Plaintiff and Class Members a 3-minute grace period for clocking in, but at 3 minutes, the clock rounds to 6 minutes, at which time Plaintiff and Class Members are required to use Paid Time Off (PTO) or risk being subject to disciplinary action for clocking in outside the grace period, in addition to losing several minutes of compensation per shift to rounding.

28. Furthermore, when Plaintiff and Class Members receive overtime compensation, their overtime rate does not reflect their regular rate of pay, because, for example, the regular rate of pay does not include all non-discretionary bonuses.

29. Given these aforementioned violations, Plaintiff and Class Members did not receive payment of all wages owed within the period required by Washington law.



LAWYERS FOR JUSTICE, PC.
600 STEWART STREET, SUITE 300
SEATTLE, WA 98101
PHONE: (424) 587-8423
FAX: (818) 265-1021

30. When Plaintiff and Class Members performed work, Defendants failed to pay them minimum and overtime wages due to Defendants' failure to include time worked during meal periods, rest breaks, and prior to clocking in. This unpaid time is compensable under Washington law.

31. WAC 296-126-092 requires that employees be allowed a meal period of at least thirty minutes, which commences no less than two hours or more than five hours from the beginning of the shift. *See* WAC 296-126-092(1). Meal periods shall be on the employer's time when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer. *See* WAC 296-126-092(2).

32. Missed rest break time is compensable under Washington law because WAC 296-126-092 requires that employees shall be allowed a rest period of at least 10 minutes on the employer's time for every four hours of work. *See* WAC 296-126-092(4). No employee shall be required to work more than three hours without a rest period. *Id.* Under Washington law, rest breaks may not be waived by employees. *See Pellino v. Brink's Inc.*, 164 Wn. App. 668, 688, 267 P.3d 383 (2011) (stating "employers have a duty to provide meal periods and rest breaks and to ensure the breaks comply with the requirements of WAC 296-126-092.").

33. Employers have a "mandatory obligation" to both "provide" meal and rest breaks and "ensure" the breaks comply with the law. *Chavez v. Our Lady of Lourdes Hosp. at Pasco*, 190 Wn.2d 507, 519, 415 P.3d 224 (2018); *Brady v. AutoZone Stores, Inc.*, 188 Wn.2d 576, 584, 397 P.3d 120 (2017).

34. Defendants' conduct was willful and was not based on a good faith and reasonable belief that their conduct complied with Washington law.

## V. CLASS ACTION ALLEGATIONS

35. Plaintiff brings a class action on behalf of himself and all others similarly situated pursuant to Civil Rule 23. The class that Plaintiff seeks to represent is defined as follows:

> All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of Washington at



LAWYERS FOR JUSTICE, PC.
600 STEWART STREET, SUITE 300
SEATTLE, WA 98101
PHONE: (424) 587-8423
FAX: (818) 265-1021

any time during the period from three (3) years preceding the filing of this Complaint to final judgment.

Plaintiff reserves the right to establish additional subclasses as appropriate.

36. This action may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

37. **Numerosity**: The potential members of the class as defined are so numerous that joinder of all the members of the class is impracticable. Upon information and belief, the number of class members is estimated at approximately 5,000 individuals, and the identity of such membership is readily ascertainable by inspection of Defendants' employment records, as will the compensation paid to each of them. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the class as a plaintiff in this action is impracticable. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Class and Plaintiff.

38. **Commonality**: There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, but are not limited to the following:

(i) Whether Defendants failed to compensate Plaintiff and class members for all hours worked, including overtime, in violation of Washinton law;

(ii) Whether Defendants failed to keep true and accurate records of Plaintiff and class members hours of work and wages;

(iii) Whether Defendants failed to provide Plaintiff and class members with uninterrupted meal periods to which they were entitled under Washington law and ensure those breaks were taken;

(iv) Whether Defendants failed to provide Plaintiff and class members with uninterrupted rest breaks to which they were entitled under Washington law and ensure those breaks were taken;



LAWYERS FOR JUSTICE, PC.
600 STEWART STREET, SUITE 300
SEATTLE, WA 98101
PHONE: (424) 587-8423
FAX: (818) 265-1021

(v) Whether Defendants failed to compensate Plaintiff and class members for missed and/or interrupted meal and rest breaks;

(vi) Whether Defendants failed to provide Plaintiff and Class Members with timely, accurate itemized wage statements in violation of Washington law;

(vii) Whether Defendants' policy and practice of failing to pay Plaintiff and class members all wages due upon the end of their employment violated Washington law;

(viii) Whether Defendants' actions were "willful" as that term is understood in Washington wage and hour law;

(ix) The proper formula for calculating damages owed to Plaintiff and the Class as alleged herein.

39. **<u>Typicality</u>**: Plaintiff's claims are typical of the claims of the Class. Defendants' common course of conduct in violation of law as alleged herein has caused Plaintiffs and Class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

40. **<u>Adequacy of Representation</u>**: Plaintiff seeks relief for state law violations perpetrated by Defendants. In that sense, Plaintiff does not have any conflicts of interest with other Class Members and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff is competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Class members.

41. **<u>Superiority of Class Action</u>**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each proposed Class member has been damaged and is entitled to recovery by reason of Defendants' illegal policies, practices, or



LAWYERS FOR JUSTICE, PC.
600 STEWART STREET, SUITE 300
SEATTLE, WA 98101
PHONE: (424) 587-8423
FAX: (818) 265-1021

both. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

42. In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendants.

43. If each individual Class member were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each member of the Class with Defendants' vastly superior financial legal resources.

44. Requiring each individual Class member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class members who would be disinclined to pursue these claims against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers, and well-being.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Failure to Pay Minimum Wage and/or Overtime for All Hours Worked Pursuant to RCW 49.46, *et seq.***

45. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

46. Pursuant to RCW 49.46.020 and WAC 296-128-550, Defendants are required to pay Plaintiff and Washington Class members an hourly rate of not less than the minimum wage for hours worked. Moreover, under RCW 49.46.130(1) and WAC 296-128-550, Defendants are required to pay Plaintiff and Washington Class members one and one-half times their regular rate of pay for all hours worked in excess of forty hours in a given workweek.

47. RCW 49.46.090(1) states,

> Any employer who pays any employee less than the amounts to which such employee is entitled under or by virtue of this chapter, shall be liable to such employee affected for the full amount due to such employee under this chapter, less any amount actually paid to



LAWYERS FOR JUSTICE, PC.
600 STEWART STREET, SUITE 300
SEATTLE, WA 98101
PHONE: (424) 587-8423
FAX: (818) 265-1021

> such employee by the employer, and for costs and such reasonable attorney's fees as may be allowed by the court. Any agreement between such employee and the employer allowing the employee to receive less than what is due under this chapter shall be no defense to such action.

48. Plaintiff and Class Members are entitled to recover unpaid minimum wages and overtime under Washington law because Defendants violated the MWA by not restoring Plaintiff and class members' time for their missed or interrupted half-hour meal period, ten-minute rest break, or both, work performed prior to clocking in, time worked but unaccounted for due to Defendants' timekeeping system, and overtime worked but paid at less than the less than one and one-half times the regular rate of pay.

49. As described above, Defendants have violated the provisions of RCW 49.46.130 by failing to properly compensate Plaintiff and Class Members for time worked prior to clocking in, and during meal periods and rest breaks, and time lost due to timekeeping practices, and time worked in excess of forty hours per workweek compensated at less than one and one-half times the employee's regular rate of pay.

50. Plaintiff and Class Members who are within the applicable three-year statute of limitations are entitled to collect the difference between the wages received that were then due and the overtime wages due in an amount to be proven at trial, together with double damages (RCW 49.52.070), attorney fees, costs and disbursements (RCW 49.12.150; RCW 49.48.030), civil penalties (RCW 49.12.170), as well as pre-and post-judgment interest at the rate of 12% per annum (RCW 19.52.020).

## <u>SECOND CAUSE OF ACTION</u>
## Failure to Provide Rest Periods
## Pursuant to RCW 49.12.020 and WAC 296-126-092

51. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

52. Pursuant to the Industrial Welfare Act ("IWA"): "The welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police



LAWYERS FOR JUSTICE, PC.
600 STEWART STREET, SUITE 300
SEATTLE, WA 98101
PHONE: (424) 587-8423
FAX: (818) 265-1021

and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect." RCW 49.12.010.

53. The IWA also provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health." RCW 49.12.020.

54. Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

55. The IWA, RCW 49.12, and its implementing regulation, WAC 296-126-092 provides that employees shall be allowed certain paid rest periods during their shifts.

56. Under the IWA, Defendants have an obligation to (1) provide employees with the rest breaks to which they are entitled; (2) ensure that employees receive the rest breaks to which they are entitled; and (3) provide employees with ten minutes of additional pay for each missed rest break.

57. By the actions alleged above, Defendants have violated the provisions of RCW 49.12.020 and WAC 296-126-092 by failing to provide Plaintiff and Class Members with additional compensation for their missed or rest breaks.

58. As a result of the unlawful acts of Defendants, Plaintiff and Class Members were deprived of compensation in amounts to be determined at trial; and Plaintiff and the Class Members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## <u>THIRD CAUSE OF ACTION</u>
## Failure to Provide Meal Periods
## Pursuant to RCW 49.12.020 and WAC 296-126-092

59. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

60. The IWA, RCW 49.12, and its implementing regulation, WAC 296-126-092 provides that employees shall be allowed certain meal periods during their shifts, prohibiting



LAWYERS FOR JUSTICE, PC.
600 STEWART STREET, SUITE 300
SEATTLE, WA 98101
PHONE: (424) 587-8423
FAX: (818) 265-1021

employers from requiring employees to work more than five consecutive hours without an uninterrupted 30-minute meal period.

61. Under the IWA, Defendants have an obligation to (1) provide employees with the meal breaks to which they are entitled; (2) ensure that employees receive the meal breaks to which they are entitled; (3) provide employees with thirty minutes of additional pay for each missed, or shortened meal break; and (4) provide 30 minutes of pay for each interrupted and unpaid meal break.

62. By the actions alleged above, Defendants have violated the provisions of RCW 49.12.020 and WAC 296-126-092, by failing to provide Plaintiff and Class Members with additional compensation for their missed, interrupted, or shortened meal breaks.

63. As a result of the unlawful acts of Defendants, Plaintiff and Class Members were deprived of compensation in amounts to be determined at trial; and Plaintiff and Class Members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## <u>FOURTH CAUSE OF ACTION</u>
**Willful Refusal to Pay Wages**
**Pursuant to RCW 49.52.050, 49.52.070**

64. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

65. The Wage Rebate Act ("WRA") protects employees' right to payment of their contracted wages, not only the state or a locality's required minimum wages. RCW 49.52.050(2). Any employer or agent of any employer who "[w]ilfully and with intent to deprive the employee of any part of his or her wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor. RCW 49.52.050(2).

66. The WRA also provides that any employer who violates the foregoing statute shall be liable in a civil action for twice the amount of wages withheld, together with costs of suit and reasonable attorneys' fees. RCW 49.52.070.



LAWYERS FOR JUSTICE, PC.
600 STEWART STREET, SUITE 300
SEATTLE, WA 98101
PHONE: (424) 587-8423
FAX: (818) 265-1021

67. An employer's nonpayment of wages is willful and made with intent "when it is the result of knowing and intentional action and not the result of bona fide dispute as to the obligation of payment." *Wingert v. Yellow Freight Sys., Inc.*, 146 Wn.2d 841, 849 (2002) (quoting *Chelan Cty. Deputy Sheriffs' Ass'n v. Chelan Cty.*, 109 Wn.2d 282, 300 (1987)).

68. Defendants intentionally failed to pay all wages owed to Plaintiff and the class members by implementing a practice that failed to account for and restore missed meal and rest breaks, failed to account for work performed off the clock, and failed to accurately calculate overtime rates of pay. Defendants knew or should have known that their employment policies violated Washington law, and its failure to pay wages owed to Plaintiff and the class members was "willful" under RCW 49.52.050(2).

69. Plaintiffs and the Class Members are entitled to recover twice the amount of unpaid wages, as well as prejudgment interest, costs, attorneys' fees pursuant to RCW 49.52.070 and request relief as hereinafter provided.

**FIFTH CAUSE OF ACTION**
**Failure To Pay Wages Owed at Termination**
**Pursuant to RCW 49.48.010, 49.52.070**

70. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

71. Pursuant to the Wage Payment Act, "[w]hen any employee shall cease work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period." RCW 49.48.010.

72. By the actions alleged above, Defendants have violated and continue to violate the provisions of RCW 49.48.010.

73. As a result of the unlawful acts of Defendants, Plaintiff and class members have been deprived of compensation in amounts to be determined at trial and pursuant to RCW 49.48.030, Plaintiff and class members are entitled to such damages, together with attorney's fees, costs and disbursements, as well as pre- and post-judgment interest at the rate of 12 percent per annum (RCW 19.52.020).



LAWYERS FOR JUSTICE, PC.
600 STEWART STREET, SUITE 300
SEATTLE, WA 98101
PHONE: (424) 587-8423
FAX: (818) 265-1021

## VII. PRAYER FOR RELIEF

Wherefore, Plaintiff, on her behalf and on behalf of the Class, prays for judgment against the Defendants as follows:

(a) An order preventing Defendants from retaliating in any way against Plaintiff and any Class Member who joins or elects not to opt-out of the present suit based on their pursuit of these claims alleged herein;

(b) An order certifying this case as a class action and appointing Plaintiff as Class Representative and her counsel as Class Counsel;

(c) All unpaid regular wages due under Washington law;

(d) All unpaid overtime wages due under Washington law;

(e) An award of exemplary damages as provided by Washington law;

(f) An award of double damages as provided by Washington law;

(g) All compensatory damages due under Washington law, including lost wages, earnings, and other employee benefits, restitution, and all other sums of money owed to Plaintiff and Class Members, together with interest on these amounts, according to proof;

(h) All attorneys' fees, costs and disbursements as provided by Washington law;

(i) Pre- and post-judgment interest in the amount of 12 percent per annum as provided by Washington law; and

(j) Such other and further relief as this Court deems just and proper.

Respectfully submitted this 9th day of February, 2026.

*/s/ Derek J. Moretz*
Derek J. Moretz, WSBA #62935
Lawyers *for* Justice, P.C.
Attorneys for Plaintiff



LAWYERS FOR JUSTICE, PC.
600 STEWART STREET, SUITE 300
SEATTLE, WA 98101
PHONE: (424) 587-8423
FAX: (818) 265-1021

*<u>/s/ Devin Kathleen Epp</u>*
Devin Kathleen Epp, WSBA #60037
Lawyers *for* Justice, P.C.
Attorneys for Plaintiff

Carolyn H. Cottrell (SBN 166977)*
*admission pro hac vice anticipated*
Ori Edelstein (SBN 268145)*
*admission pro hac vice anticipated*
Robert E. Morelli (Tenn. BPR No. 037004)*
*admission pro hac vice anticipated*
SCHNEIDER WALLACE
COTTRELL KIM LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Phone: (415) 421-7100
Fax: (415) 421-7105
Email: ccottrell@schneiderwallace.com
Email: oedelstein@schneiderwallace.com
Email: rmorelli@schneiderwallace.com

*Attorneys for Plaintiff and the Class*

**JURY DEMAND**

COMES NOW the Plaintiff, individually, and on behalf of other members of the general public similarly situated, and pursuant to Rule 38 of the Washington Superior Court Civil Rules, hereby requests a twelve person jury in the above referenced matter.

DATED this 9th day of February 2026.

**LAWYERS *for* JUSTICE, PC.**

*/s/ Devin Kathleen Epp*

Devin Kathleen Epp, WSBA #60037
*Attorneys for Plaintiff*

*/s/ Derek J. Moretz*

Derek J. Moretz, WSBA #62935
*Attorneys for Plaintiff*



LAWYERS FOR JUSTICE, PC.
600 STEWART STREET, SUITE 300
SEATTLE, WA 98101
PHONE: (424) 587-8423
FAX: (818) 265-1021